**In the Matter of the GRAND JURY IN-VESTIGATION (GENERAL MOTORS CORPORATION).**

United States District Court
S. D. New York.

Aug. 8, 1962.

Bruce Bromley, Cravath, Swaine & Moore, New York City, for General Motors Corp.

Paul A. Owens, Chief, Sp. Unit, Washington, D. C., for Anti-Trust Division.

BONSAL, District Judge.

General Motors moves for an order quashing a letter dated June 11, 1962 signed by Paul A. Owens, Chief, Special Unit, on behalf of Lee Loevinger, Assistant Attorney General, Antitrust Division, and addressed to Aloysius F. Power, Esq., General Counsel, General Motors Corporation, 3044 West Grand Blvd., Detroit 2, Michigan, which was sent by Certified Mail. This letter opens with the following paragraph:

> "The investigation which this Department is conducting in the automotive industry has made it necessary for us to call upon General Motors for the production of various documents from time to time. As this investigation develops, we envision further need for production of General Motors documents."

The letter then states that the Department of Justice is informed regarding General Motors' "Document Retention Policy" and that this policy permits the destruction of documents after certain stated periods of time; that the law pre-

1

cludes the destruction by General Motors of any documents which General Motors has reason to believe may be sought by the grand jury at a later date; that in order to avoid any possibility of misunderstanding there is attached to the letter, as Appendix A, a list of classes of documents which are subject to grand jury call. The letter then requests General Motors to take steps to secure the indicated files from further destruction until such time as the current investigation is concluded. Finally, the Department of Justice warns General Motors that the letter must not be construed as a license to destroy documents not included in the classifications set forth in Appendix A, and reminds General Motors of its obligation not to destroy documents which it has reason to believe are pertinent to a grand jury investigation. Appendix A consists of two and one-half single spaced typewritten pages of classifications of documents. It developed at the argument on this motion that General Motors has not replied to the Department of Justice's letter.

General Motors, in its affidavits and on argument in support of its motion, asserts that the Government's letter is the latest step in a fishing expedition by the Government, manifested by various subpoenas, some of which have been quashed and some modified as being too broad. Moreover, to require General Motors to preserve all documents within the classifications listed in Appendix A which at some future time the Government may deem relevant to the grand jury investigation would subject the company to undue and unreasonable hardship. It is pointed out that a large corporation must of necessity have a program for destroying files no longer needed in the conduct of its business.

In answer, the Government asserts that General Motors has delayed the production of documents properly called for by the Government and that it may eliminate documents reasonably required in connection with the grand jury investigation. Indeed, the Government argues that by reason of the Company's Document Retention Policy some of these documents may be destroyed.

There is no doubt that the antitrust investigation being undertaken by the Government is an extremely broad one. Indeed, the letter of June 11, in the paragraph above quoted, refers to the investigation as one which is being conducted in the "automotive industry". The investigation has been going on at least since the early part of 1959. There are bound to be sharp differences of view between the Government and General Motors as to what documents may be relevant to the grand jury investigation, and these differences will doubtless be brought to the attention of the Court in the future.

However, the Government's letter is not a process of this Court and the Court has no jurisdiction to quash it. The Court cannot give General Motors the kind of protective order which it seeks for future use in the event it should fail to produce documents reasonably required by the grand jury. On the other hand, if the Government fails to issue timely subpoenas for the production of such documents, so that General Motors is informed of the documents which the Government believes are reasonably required by the grand jury, it will increase substantially its burden under 18 U.S.C. § 1503 should it undertake a prosecution under that section.

Motion denied.

So ordered.